UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINITY SMITH,

                Plaintiff,

v.                                                Case No. 10-11016
                                                HON. AVERN COHN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant,

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S COUNTER-MOTION TO AMEND THE
SCHEDULING ORDER**

## I. INTRODUCTION

This is an insurance case arising out of a motorcycle accident involving plaintiff

Trinity Smith (Smith).  Smith says that defendant State Farm owes her no-fault benefits.

Now before the Court is State Farm's motion to dismiss under Fed. R. Civ. P. 37(a)

for Smith's failure to comply with discovery.  In response, Smith moves to amend the

scheduling order.  The Court originally scheduled this matter for hearing.  However, upon

review of the parties' papers, the Court finds that oral argument is not necessary. <u>See</u> E.D.

Mich. LR 7.1(f)(2). For the reasons that follow, State Farm's motion will be denied and

Smith's motion will be granted.

## II. FACTS

The facts as the Court understands them from the parties' papers are as follows.

Smith's complaint was filed on December 10, 2009, in Wayne County Circuit Court

and removed to this Court by State Farm on March 12, 2010, on diversity grounds.  On

April 20, 2010, the Court entered a scheduling order stating that discovery was to be

completed by October 22, 2010. (Doc. 9). On August 16, 2010, after State Farm's continued requests for Smith's Rule 26 disclosures, Smith complied. However, Smith's disclosures were inadequate because they failed to include a computation of damages, required under Fed. R. Civ. P. 26. Over thirty days later, and still without a computation of damages, State Farm asked the Court to hold a telephone conference with the parties on September 30, 2010, after which the Court entered an amended scheduling order extending discovery through December 22, 2010, an additional 60 days. (Doc. 11).

As of November 29, 2010, Smith still had not provided the requested supplemental discovery to State Farm, which led the Court to hold a second telephone conference with the parties. During the call, the Court lifted its previously implemented restriction on discovery motions. On November 30, 2010, State Farm filed the present motion seeking dismissal of Smith's case for failure to comply with discovery under Fed. R. Civ. P. 37. On January 28, 2011, Smith filed a response arguing against dismissal, and providing amended disclosures, which, according to Smith, now contain a detailed computation of damages. (Doc. 16-6).[1] On January 31, 2011, State Farm replied, arguing that dismissal is still warranted, despite Smith's amended disclosures. (Doc. 17).

### III. STANDARD OF REVIEW

"When dismissal is based upon the failure to provide discovery, the Supreme Court has indicated that dismissal is properly brought under Fed. R. Civ. P. 37(b)." Bullard v. Roadway Express, 3 Fed. Appx. 418, 421 (6th Cir. 2001) (unpublished) (citing Societe Internationale v. Rogers, 357 U.S. 197, 210 (1958)). Particularly, "Rule 37(c)(1) expressly

---

[1]Smith's computed damages are attached as an exhibit to this memorandum and order.

authorizes sanctions, including dismissal under Rule 37(b)(2)(C), when a party fails to disclose information without justification and as long as the failure to disclose is not harmless." Bullard, 3 Fed. Appx. at 418. In deciding whether to dismiss under Rule 37, the factors to consider are:

> (1) whether the party's failure to cooperate was due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the failure to cooperate in discovery;
> (3) whether the dismissed party was warned that failure to cooperate would result in dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. "While dismissal is the sanction of last resort, a district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts." Id. (internal citations omitted).

## IV. ANALYSIS

### 1.

State Farm argues that Smith's case should be dismissed under Fed. R. Civ. P. 37(b) because Smith has failed to fully comply with the Court's scheduling and discovery orders by not providing a detailed computation of damages, required under Fed. R. Civ. P. 26(a)(1)(A)(iii). In support, State Farm relies on Bullard v. Roadway Express, 3 Fed. Appx. 418 (6th Cir. 2001) (unpublished), in which the Sixth Circuit affirmed a district court's dismissal after a plaintiff failed to comply with discovery by not providing a detailed statement of damages. Id. at 420. Particularly, after the plaintiff refused to disclose the requested discovery, the district court found that "[a]lthough [p]laintiff has the right to protect her privacy by refusing to disclose her medical records, [p]laintiff has no right to

3

maintain a civil action in which she refuses to disclose relevant documents." <u>Id.</u> at 420-21. Thus, the district court held that "[a] just result of th[e] dispute [was] impossible" and dismissed the case. <u>Id.</u> at 420.

2.

In response, Smith says that State Farm is not entitled to a dismissal because the Court never made an express finding that the disclosures were insufficient. Further, Smith says there is good cause for the delayed disclosures: a breakdown in communications between Smith's counsel and Smith, making it impossible for Smith's counsel to provide the supplemental disclosures. Moreover, Smith says the communications issue has since been resolved, which has allowed her counsel to compute the damages. Likewise, Smith has attached amended disclosures to her response brief, which include a detailed statement of damages. (Doc. 16-6). Thus, Smith says dismissal is not proper and moves for an amended scheduling order. Smith is correct.

3.

While the Court acknowledges that Smith has pushed the limits in her failure to cooperate, under the present set of facts, dismissal is premature, as follows. First, Smith has now complied with State Farm's discovery request by providing a detailed computation of damages. Second, it appears as if the previous issues preventing discovery have been resolved, eliminating the risk of further delays. Finally, the case on which State Farm relies to advance its argument is distinguishable in three respects. Particularly, in <u>Bullard</u>, the district court: (1) warned the plaintiff that failure to comply would result in dismissal; (2) entered an order directing the plaintiff to provide defendant with a detailed statement of damages; and (3) was faced with a plaintiff that stood before the district court judge and

4

refused to provide the requested discovery.  <u>Bullard</u>, <u>supra</u>, at 419-20.  Despite the district

court's attempts, the plaintiff still did not comply, leaving the district court judge with no

other choice but to dismiss.

Here, we are not yet at that point of last resort.  Thus, State Farm's argument lacks

merit.  The Court will enter a second amended scheduling order extending discovery for

90 days.  No future extensions will be granted and failure to comply with the Court's order

may result in sanctions, including a judgment of dismissal.

## V. CONCLUSION

For the reasons stated, State Farm's motion to dismiss is DENIED.  Smith's counter-

motion for an amended scheduling order is GRANTED.

SO ORDERED.


Dated:  March 4, 2011                      S/Avern Cohn                                        
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys
of record on this date, March 4, 2011, by electronic and/or ordinary mail.

                                           S/Julie Owens                        
                                           Case Manager, (313) 234-5160

5